RCA GLOBAL COMMUNICATIONS, Plaintiff

v.

TERESITA PHILYAN, a/k/a TERESITA PHILYAN, d/b/a NEW HOLLYWOOD MASSAGE, a/k/a GLASS DOOR MASSAGE, Defendant

Civil Case No. 121-79

Superior Court of Guam

July 13, 1979

ABBATE, *Presiding Judge*

## DECISION AND ORDER

This matter comes before the Court on the plaintiff, RCA Global Communications', Motion for Summary Judgment. Robert Klitzkie appeared on behalf of the plaintiff and Melinda Pregerson appeared on behalf of the defendant, Teresita Philyan, d/b/a New Hollywood Massage, a/k/a Glass Door Massage. The motion was heard before the Honorable Paul J. Abbate on June 29, 1979, and decision was reserved.

The plaintiff seeks summary judgment against the defendant on a claim for unpaid charges on the telephone account of the New Hollywood Massage.

Affidavits and copies of telephone records have been submitted on behalf of the plaintiff to support the contention that the amount of $9,180.75 is due and owing by the defendant to the plaintiff. The above-mentioned materials are defective. They do not comply with the requirements of the business records exception to the hearsay rule of evidence. In order to fall within that exception they must state that (1) the records were made in the course of a business, (2) the records were made in the regular course of business activity, (3) the entrant must have the duty to make the entry, (4) the entrant or person with the business duty to report must have personal knowledge of the matter reported, (5) the entry must be made near the time of the transaction, and (6) the authenticity of records must be established.

In opposition of the motion, the defendant has submitted an affidavit, the essence of which is that there was no contract between the parties from June 1978 to October 1978 and that no toll charges were accepted by the defendant or an authorized agent from October 1978 to February 1979. So even if we assume that the plaintiff's material properly fell within the above-mentioned business records exception, there still appears to be a conflict as to the defendant's obligation for the unpaid charges in question.

To grant a Motion for Summary Judgment, it must be apparent that no genuine issue of material fact remains for trial. In this case the affidavits in support of and in opposition to the motion raise conflicting issues of fact.

For the aforementioned reasons, the plaintiff's Motion for Summary Judgment is DENIED.

SO ORDERED.